# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WISCONSIN

| UNITED STATES OF AMERICA | ***AMENDED* JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: 02-CR-147 |
| **TRENISE CAROL BLAYLOCK** | Thomas E. Brown |
| | Defendant's Attorney |
| | Karine Moreno-Taxman |
| | Assistant United States Attorney |

FILED MAR 15 2006

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed.R.Crim.P.35(b))
☐ Correction of Sentence by Sentencing Court (Fed.R.Crim.P.35(c))
☐ Correction of Sentence for Clerical Mistake (Fed.R.Crim.P.36)

☐ Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant to ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☒ **Modification of Restitution Order(18 U.S.C. § 3664)**

## THE DEFENDANT:

☒ pleaded guilty on November 20, 2002, to counts one, two, and three of a three-count indictment.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense(s) Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 2113(a) & (d) and 2 | Armed Bank Robbery | 4/11/02 | One |
| 18 U.S.C. §§ 2113(a) & (d), 371 and 2 | Conspiracy to Commit Armed Bank Robbery | 4/12/02 | Two |
| 18 U.S.C. §§ 924(c) and 2 | Use of a Firearm During a Crime of Violence | 4/11/02 | Three |

The defendant is sentenced as provided in Pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____ .

☐ The court dismisses count(s) _____ of the _____, upon the motion of the United States of America.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States attorney of any material change in the defendant's economic circumstances.

Defendant's USM No.: 06579-089

February 20, 2003
Date of Imposition of Judgment

Signature of Judicial Officer

**C. N. Clevert, Jr., U. S. District Judge**
Name & Title of Judicial Officer

3/15/2006
Date

AO 245B (Rev. 3/01) Judgment in a Criminal Case:
Sheet 2 - Imprisonment

**Defendant: TRENISE CAROL BLAYLOCK**
**Case Number: 02-CR-147**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for **a term of forty-one (41) months as to count one and forty-one (41) months as to count two, with both counts to run concurrent for a total of forty-one (41) months, and a term of one-hundred twenty (120) months as to count three, to run consecutive to counts one and two for a total sentence of one-hundred sixty-one (161) months.**

☒ The court makes the following recommendations to the Bureau of Prisons:
   Participation in the Inmate Financial Responsibility Program according to the rules in effect on the day judgment is entered, with payments to be applied first to the special assessment until paid in full, and then to restitution.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.
   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
   ☐ before 2 p.m. on _____ .
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

### RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 3/01) Judgment in a Criminal Case:
Sheet 3 - Supervised Release

**Defendant: TRENISE CAROL BLAYLOCK**
**Case Number: 02-CR-147**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5) years as to count one, three (3) years as to count two and five (5) years as to count three, with all counts to run concurrent for a total of five (5) years.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

- ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.
- ☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notification and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev 3/01) Judgment in a Criminal Case:
Sheet 4 - Additional Conditions of Supervised Release

## Defendant: TRENISE CAROL BLAYLOCK
## Case Number: 02-CR-147

### ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

2. The defendant shall not possess any firearms or other dangerous weapons as such possession will result in revocation.

3. Pursuant to the Violent Crime Control and Law Enforcement Act of 1994, the defendant shall not illegally possess or unlawfully use any controlled substance. Such possession will subject the defendant to revocation and she will be obligated to serve a further term in prison. Upon commencement of the supervision term the defendant shall submit to one drug test and at least two random tests within each year of supervised release. Any violation can lead to revocation and an additional term of incarceration.

4. The defendant shall participate in a program of testing and residential or outpatient treatment for drug and alcohol abuse, as approved by the supervising probation officer, until such time she is released from the program by the supervising probation officer. The defendant shall refrain from use of all alcoholic beverages throughout the period of supervised release.

5. The defendant shall pay any balance on the restitution, without interest, at a rate of not less than $100.00 per month. The defendant shall also apply 100% of her yearly federal and state tax returns toward restitution.

6. The defendant shall not hold employment having fiduciary responsibilities during the supervision term without first notifying the employer of her conviction. The defendant shall not hold self-employment or engage in personal enterprises having fiduciary responsibilities without prior approval of the supervising probation officer.

7. The defendant shall not open any new lines of credit, which includes the leasing of any property, or enter into any rent-to-own agreements, or use existing credit resources without the prior approval of her supervising probation officer.

8. The defendant shall provide the supervising probation officer with access to all financial information including, but not limited to, bank statements and federal and state tax income tax returns. All tax returns shall be filed in a timely manner with copies provided to the supervising probation officer immediately upon filing. The defendant shall file monthly financial reports with the supervising probation officer as directed, usually within the first five days of each month.

AO 245B (Rev 3/01) Judgment in a Criminal Case:
Sheet 5 Part A - Criminal Monetary Penalties

**Defendant: TRENISE CAROL BLAYLOCK**
**Case Number: 02-CR-147**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | ASSESSMENT | FINE | RESTITUTION |
|---|---|---|---|
| Totals: | $300.00 | None | *$ 4,542.80 |

☐ If applicable, restitution amount ordered pursuant to plea agreement $

☐ If defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ **Restitution is joint and several with codefendants Omar Nelums, Weylin M. Shurn and Terrecho D. Shurn, and also with Lakesha M. Bruce, in related case 02-CR-155.**

☒ **The court determined that the defendant does not have the ability to pay interest, and it is ordered that:**
  ☒ the interest requirement is waived for the ☐ fine and/or ☒ restitution.
  ☐ the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Guardian Credit Union<br>11220 W. Oklahoma Avenue<br>West Allis, WI 53214 | *$ 3837.80 | *$ 3,837.80 | |
| Kelvin Morgan<br>6650 N. 90th Street<br>Milwaukee, WI 53224 | *$ 705.00 | *$ 705.00 | |
| Totals: | *$ 4542.80 | *$ 4,542.80 | |

AO245B (Rev 3/01) Judgment in a Criminal Case:
Sheet 5 Part B - Schedule of Payments

**Defendant: TRENISE CAROL BLAYLOCK**
**Case Number: 02-CR-147**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☒ Lump sum payment of $ 300.00 for the Special Assessment is due immediately. If the defendant cannot immediately pay the Special Assessment in full, payments shall be made in accordance with ☐ C, ☐ D, or ☒ E below.

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below); or

C ☐ Payment in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ After the special assessment has been paid in full, the defendant shall make monthly payments of $_____.

E ☒ Special instructions regarding the payment of criminal monetary penalties: **The defendant shall first make payments to the Special Assessment until it is paid in full, and then toward restitution as directed by the Bureau of Prisons' Inmate Financial Responsibility Program in accordance with the rules existing on the day of entry of judgment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several
Defendant Name, Case Number, and Joint and Several Amount:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.